## CIRCUIT COURT OF WARREN COUNTY

Josie McMahon

v.

Randolph-Macon Academy et al.

June 16, 1997

Case No. (Law) 97-11

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendants' demurrers to the breach of fiduciary duty count of the motion for judgment, which is a claim by a student against her former boarding school and certain of its employees. Upon consideration of the parties' argument and memoranda of authorities the Court has decided to overrule the demurrer.

### I. *Statement of Material Facts*

The following facts have been alleged.

Ms. McMahon, an infant, was a boarding student at Randolph-Macon Academy. The plaintiff claims that while she was a student at the academy that a staff member developed a sexual relationship with her and that this conduct, among other things, violated a fiduciary duty which the school owed to her.

## II. *Conclusions of Law*

### 1. *Demurrer*

In considering a demurrer the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). Having examined the fiduciary count of the motion for judgment and drawing "all reasonable inferences fairly and justly drawn from the facts alleged … in aid of the pleadings," it would appear that the demurrer should be overruled.

### 2. *Fiduciary Duty*

There is no Virginia Supreme Court case directly on point. However, the defendants rely upon *Abrams v. Mary Washington College*, 33 Va. Cir. 449, 454 (Fredericksburg 1993), for the proposition that "there is no *in loco parentis* relationship or any other fiduciary relationship between senior college officials and every student attending that institution." This court believes that a different rule applies to a boarding school which takes minors into its custody. *See generally* 59 Am. Jur. 2d, *Parent and Child*, § 75.

Fiduciary duties frequently arise in the context of agency relationships. *See State Farm Mut. Ins. Co. v. Weisman*, 247 Va. 199, 203, 441 S.E.2d 16 (1994). "An agent is a fiduciary with respect to matters within the scope of his agency." Restatement (Second) of Agency § 13.

The significance of imposing fiduciary duties upon an agent is that it restricts the permissible range of the agent's actions and requires that the agent act solely in the interests of his principal. *See generally* Restatement (Second) of Agency §§ 387-398. As the editors of 3 Am. Jur. 2d, *Agency*, § 228, state:

> For reasons of public policy the law does not permit an agent to assume any relationship antagonistic to his duty to his principal, and the underlying basis of the rule is to shut the door against temptation and keep the agent's eye single to the rights and welfare of his principal.

The agent "must not deal in the agency matter for his own account." 3 Am. Jur. 2d, *Agency*, § 228. Nor may the agent act "in the agency transaction for a party whose interests are adverse in the matter to those of his principal." 3

Am. Jur. 2d, *Agency*, § 241. *See Va. Real Estate Comm. v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123, 125-26 (1983); and *Bruce's Ex'x v. Bibb's Ex'x*, 129 Va. 45, 49-50, 105 S.E. 570, 572 (1921).

These fiduciary principles are generally applied in the context of the agent's duties *vis a vis* third parties and opportunities which may present themselves to the agent during the course and scope of the agency. If the agency is a limited agency, generally fiduciary duties do not arise. *Stacy v. C. J. Montgomery Ins. Corp.*, 235 Va. 328 (1988) (employment of insurance agent to "procure and maintain" fire insurance coverage was a special, not general, grant of authority, so no fiduciary relationship arose). Breach of fiduciary duty rights of action have arisen in the following agency contexts: *Hilb, Rogal & Hamilton Co. of Richmond v. DePew*, 247 Va. 240, 246, 440 S.E.2d 918, 921 (1994) (stating that an employee's fiduciary duty to his employer prohibits the employee from acting in a manner adverse to the employer's interest); *Greenwood Assoc. v. Crestar Bank*, 248 Va. 265, 448 S.E.2d 399 (1994) (bank owes fiduciary duty to customer during foreclosure proceedings on customer's property); *Long & Foster Real Estate, Inc. v. Clay*, 231 Va. 170, 343 S.E.2d 297 (1986) (real estate agent and principal); *Hooper v. Musolino*, 234 Va. 558, 364 S.E.2d 207 (1988) (partners); and *Musselman v. Willoughby Corp.*, 230 Va. 337, 337 S.E.2d 724 (1985). Certainly, the relationship between a boarding school and its minor student has the same dignity under the law as the relationship between a bank and its customers and that between partners.

Applying these principles to the present case it would appear that in its dealings with its students that a boarding school for minors does act *in loco parentis* and that where a choice exists between the interests of a staff member and the best interests of a student that the school must choose to act in the student's best interests, so the demurrer will be overruled. As noted by the court during the oral argument and by the defendants in their memorandum, it would appear that the breach of fiduciary duty action is subsumed with the negligence counts of the motion for judgment, so the practical effect of this ruling remains to be demonstrated.

### 3. *Statute of Limitations*

The one year statute of limitations of Virginia Code § 8.01-248 applies to a breach of fiduciary duty right of action, so any breach of fiduciary duty action which is based on an incident which occurred more than one year before the filing of the motion for judgment will be barred by the statute of limitations. *Clay v. First Union Nat. Bank*, 39 Va. Cir. 43, 47 (Fairfax 1995);

and *Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir. 1995) (applying Virginia law).

## III. *Decision*

For the foregoing reasons, the Defendants' demurrers to Count II of the Motion for Judgment are overruled.